IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JOHN R. PROPES                                                     PLAINTIFF

v.                  CIVIL NO. 16-3041

NANCY A. BERRYHILL,[1] Commissioner
Social Security Administration                                  DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, John R. Propes, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.**     **Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on July 10, 2013, and June 9, 2014, respectively, alleging an inability to work since January 25, 2011, due to a pinched nerve injury in the neck, and a neck injury. (Doc. 8, pp. 66, 134). For DIB purposes, Plaintiff maintained insured status through June 30, 2011. (Doc. 8, p. 148). An administrative

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

hearing was held on July 3, 2014, at which Plaintiff appeared with counsel and testified. (Doc. 8, pp. 41-64).

By written decision dated November 24, 2014, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 25, 2011, the alleged onset date. (Doc. 8, p. 29). The ALJ found Plaintiff had the following medically determinable impairments: diabetes mellitus; gouty arthritis; and major depressive disorder, recurrent, moderate, with anxious distress. However, after reviewing all of the evidence presented, the ALJ determined:

> The claimant does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant does not have a severe impairment or combination of impairments…

(Doc. 8, pp. 29-30).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional evidence submitted by Plaintiff denied that request on March 21, 2016. (Doc. 8, p. 5). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 9, 11).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.  Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314

2

F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§ 423(d)(1)(A), 1382c (a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §§ 404.1520,

416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520, 416.920.

### III. Discussion:

The sequential evaluation process may only be terminated at step two when the impairment or combination of impairments would have no more than a minimal effect on Plaintiff's ability to work. Nguyen v. Chater, 75 F.3d 429, 431 (8th Cir. 1996), citing Henderson v. Sullivan, 930 F.2d 19, 21 (8th Cir. 1991)

The procedure of terminating the process at step two has been upheld by the United States Supreme Court in Bowen v. Yuckert, 482 U.S. 137, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). In Brown v. Bowen, 827 F.2d 311 (8th Cir. 1987), the United States Court of Appeals for the Eighth Circuit discussed the impact of Yuckert and noted:

> On June 8, 1987, the Supreme Court held that the second step of the sequential evaluation process was not per se invalid. See Bowen v. Yuckert, 482 U.S. 137, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). In regard to the application of that standard, however, a majority of the Court adopted a standard which provides that '[o]nly those claimants with slight abnormalities that do not significantly limit any "basic work activity" can be denied benefits without undertaking' the subsequent steps of the sequential evaluation process. Id. 482 U.S. at 158, 107 S.Ct. at 2299.

Brown v. Bowen, 827 F.2d at 312.

Alleged impairments may not be considered severe when they are stabilized by treatment and otherwise are generally unsupported by medical record. Johnston v. Apfel, 210 F.3d 870, 875 (8th Cir. 2000); see also Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir. 2000)

4

(plaintiff bears the burden to establish severe impairments at step-two of the sequential evaluation). Thus, Plaintiff did have the burden of showing a severe impairment that significantly limited his physical or mental ability to perform basic work activities, but the burden of a plaintiff at this stage of the analysis is not great. Caviness v. Massanari, 250 F.3d 603, 605 (8th Cir. 2001).

Further, to establish entitlement to benefits, Plaintiff must show that he has been unable to engage in any substantial gainful activity by reason of a medically determinable impairment which had lasted or could have been expected to last for not less than twelve months. See 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A).

After reviewing the record, the Court is troubled by the ALJ's failure to address the medical evidence related to Plaintiff's alleged hand numbness and objective testing suggesting bilateral carpal tunnel syndrome and neuropathy. The medical evidence revealed that Plaintiff underwent NCV/EMG studies of his upper extremities on May 14, 2014. (Doc. 8, p. 388). After reviewing the test results Dr. Bruce D. Robbins stated that the nerve conduction study was consistent with neuropathy, and that there was also evidence of bilateral carpal tunnel syndrome. Dr. Robbins indicated that an EMG needle examination would be helpful to try to sort out possible cervical radiculopathy. On September 2, 2014, Plaintiff underwent a neurology consultation with Dr. Vikas Kumar. (Doc. 8, pp. 440-443). Dr. Kumar noted Plaintiff had been referred to him for further evaluation of Plaintiff's hand numbness, tingling and pain. Upon examination, Dr. Kumar noted Plaintiff had features of peripheral neuropathy. Plaintiff underwent EMG testing on September 16, 2014, that was abnormal and indicative of chronic denervation. (Doc. 8, p. 447). The Court notes that the only RFC assessments of record were completed in October and December of 2013, which was almost a year before

Plaintiff's NCV/EMG studies. Based on the current medical evidence of record, the Court does not find substantial evidence supporting the ALJ's determination that Plaintiff does not suffer from a severe impairment. Accordingly, the Court finds remand necessary so that the ALJ can proceed with the sequential evaluation process.

**IV.	Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 5th day of July 2017.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE